# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| RICHARD ALVAREZ, *et al.*, | ED CV 16-00276 TJH (KKx) |
| Plaintiffs, | |
| v. | Order |
| OCWEN LOAN SERVICING, LLC, | |
| Defendant. | JS-6 |

The Court has considered Defendant's motion to dismiss the First Amended Complaint, together with the moving and opposing papers.

This case was removed based on diversity jurisdiction. While there is no dispute that the parties are diverse, it is unclear whether the amount in controversy exceeds $75,000.00. The removal statute, 28 U.S.C. § 1446, must be construed strongly against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). When the complaint is unclear as to the amount in controversy, as it is here, a removing defendant must justify jurisdiction, by a preponderance of the evidence, by setting forth additional facts in the notice of removal. *Gaus*, 980 F.2d at 566-67. Therefore, this Court may look to Ocwen Loan Servicing, LLC's ["Ocwen Loan"] notice of removal to determine if the amount in controversy exceeds $75,000.00.

Ocwen Loan relies on *Hunt v. Washington State Apple Adver. Com'n*, 432 U.S. 333, 347 (1977), which held that, in actions seeking injunctive relief, the amount in controversy is the value of the object of the litigation. Ocwen Loan asserts that the object of the litigation here is the loan or, alternatively, the property securing it, both of which have a value greater than $75,000.00. However, courts in this District have repeatedly held that when there is a pending loan modification application the amount in controversy is neither the amount of the loan nor the amount of the property. *See Steele v. J.P. Morgan Chase Bank, N.A.*, 2015 WL 4272276 (C.D. Cal. 2015); *see also Vergara v. Wells Fargo Bank, N.A.*, 2015 WL 1240421 (C.D. Cal. 2015); *see also Cheng v. Wells Fargo Bank, N.A.*, 2010 WL 4923045 (C.D. Cal. 2010). The problem, though, is that while those cases held what the amount in controversy is not, they did not explicitly hold what the amount in controversy should be. Presumably, the amount in controversy should be the amount of the pending loan modification because it is not the amount of the loan nor the amount of the property. Here, however, the parties only provided the original loan amount and the current estimated value of the house. The amount of the requested modification was not disclosed by either party.

Because Ocwen Loan has not established, by a preponderance of the evidence, that the amount in controversy is greater than $75,000.00, it has not met its burden of establishing that this Court has diversity jurisdiction. Accordingly,

It is Ordered, *sua sponte*, that the case be, and hereby is, Remanded.

Date: May 9, 2016

_____
Terry J. Hatter, Jr.
Senior United States District Judge